IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

JIMMY WITHERSPOON,
    Petitioner

vs.

ANGELA DUNBAR, WARDEN,
    Respondent

## WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C § 2241

Comes now, Jimmy Witherspoon, (hereinafter "Petitioner"), proceeding pro se and files this writ of habeas corpus pursuant to the savings clause of § 2241 based on the recent Supreme Court decision of <u>Descamps v. United States,</u> 133 S.CT 2276 (2013), which renders his enhanced sentence under 18 U.S.C § 924(e) invalid. The Fourth Circuit in <u>In re Jones</u>, 226 F.3d 328, 333 (4th Cir. 2000) has held that the savings clause only applies to permit such relief when: (1) at the time of conviction, settled law of the Fourth Circuit or the Supreme Court established the legality of the conviction; (2) subsequent to any direct appeal or first § 2255 motion, the substantive law changed such that the conduct of which the prisonee was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provision of § 2255 because the new rule is not one of constitutional law. Thus, based on the foregoing

Petitioner will demonstrate that § 2255 is inadequate and ineffective to the circumstances of his case allowing this Court to adjudicate the instant claim for relief.

## STATEMENT OF THE CASE AND FACTS

On October 31, 2005, Petitioner was charged by a federal grand jury in the Middle District of North Carolina with being a felon in possession of a firearm and an armed career criminal, in violation of 18 U.S.C § 922(g)(1) and 924(e). Petitioner appeared for arraignment and pleaded guilty on November 21, 2005.

Petitioner proceeded to trial before a jury on January 17, 2006 and was convicted on January 18, 2006.

Following the preparation of a presentence report by the probation office, Petitioner filed his objection to the probation officer's determination that he should be sentenced as an armed career criminal based on his four prior state charges for armed robbery, which was consolidated for judgments. The basis for the objection was on Sixth Amendment grounds. The government filed a response to Petitioner's sentencing objection on June 6, 2006. The Petitioner in turn filed a response.

Petitioner appeared for sentencing on June 22, 2006. The Court determined that Petitioner was an armed career criminal, which resulted in an offense level of 33, with a criminal history category of VI. The Court imposed a sentence of 240 months. The Court also imposed a term of five years supervised release and a

# ARGUMENT
## PETITIONER'S ENHANCEMENT UNDER 18 U.S.C § 924(e) IS INVALID IN LIGHT OF THE SUPREME COURT DECISION OF DESCAMPS

It's Petitioner's contention that in light of the recent Supreme Court decision of <u>Descamps v. United States,</u> 133 S.CT 2276 (2013) it's clear that he's actually innocent of being an Armed Career Criminal in violation of 18 U.S.C § 924(e). The question of whether a defendant's prior conviction involve offenses "committed on occasions different from one another," see 18 U.S.C § 924(e) are facts judges can no longer make, although the Fourth Circuit in its previous decision of <u>Thompson v. United States</u>, 421 F.3d 278 (4th Cir. 2005) stated that the Armed Career Criminal Act (ACCA) use of the term "occasion" requires recourse only to data normally found in conclusive judicial records, such as the date and location of an offense, upon which <u>Taylor v. United States</u>, 495 U.S 575 (1990) and <u>Shepard v. United States</u>, 544 U.S 13 (2005) said it may rely.

Although Petitioner raised this claim on his direct appeal which the Fourth Circuit relying on <u>Thompson</u> held was foreclosed, it's Petitioner's contention that <u>Thompson</u> has been eroded by <u>DeScamps</u>. The question of whether the underlying offenses were "committed on occassions different from one another" has been the subject of discussion as to whether it requires a factual or legal determination or both. <u>See</u> <u>Dondavid S. DeLong, What Constitutes Three Previous Convictions for Offenses Committed on Occasions different from One Another for Purpose of Sentence Enhancement under Armed</u>

4

that the on "occassions from one another" language required more than a fleeting glance over judicial records, Judge Wilkins further stated:

> To illustrate, if a defendant is charged with breaking and entering a building on or about a particular date, a jury in order to convict, must find that the defendant committed on the exact date alleged in the indictment . . . The point is that even when the government's evidence tends to support a finding that the offense was committed on the date alleged in the indictment, the jury is not necessarily required to credit the evidence in order to convict.
>
> \* \* \* \* \* \* \* \* \* \*
>
> The majority notes that determining the date of the crime underlying a conviction "requires recourse only to data normally found in conclusive judicial records" Ante, at 11. But, the fact that judicial records list a date on which a crime was committed does not mean that the defendant had the right to have the date found by a jury beyond a reasonable doubt, and that is the critical point.

Also, according to Judge Wilkins, overlooked by the Thompson majority was the concept that the ACCA requires not that the prior convictions be on occassions separate from one another, but rather that the crimes underlying the prior convictions be on occassions separate from one another. This difference according to the judge is significant because while the date of conviction is a matter likely to be conclusively resolved by Court record, the same is not necessarily true of whether underlying crimes were committed on different occassions. (Wilkins, C.J, dissenting).

In light of Descamps, it's clear that the above logic of Judge Wilkins has been vindicated as correct. In Descamps, the Supreme Court made clear in deciding whether its previous decision of Shepard applied to an indivisible statute held that the Ninth

6

Circuit's ruling flouted the Court's previous reasoning by extending judicial fact finding beyond the recognition of a prior conviction. More specifically, the Court held that "when a defendant pleads guilty to a crime, he waives his right to a jury determination of only the offenses element; whatever he says or fails to say, about superfluous facts cannot licence a later sentencing court to impose extra punishment. So according to the Court when the District Court in that case enhanced Descamps sentence based on his supposed acquience to a prosecutorial statement (that he broke and entered) irrelevant to the crime charged, the Court said it cannot: rely on its own finding about a non-element fact to increase a defendant's maximum sentence."

Nevertheless, in the instant case just as it was in Thompson, the United States argued and convinced the Fourth Circuit to affirm his § 924(c) enhancement on the basis that because Petitioner did not dispute that his prior conviction were for offenses committed on occasions different from one another, and also because Petitioner never disputed the PSR's finding, the trial judge was entitled to rely upon the PSR because it bears the earmarks of derivation from Shepard approved sources such as the indictments and state-court judgments from his prior convictions, which finding of facts by a jury is not necessary. Further, Court also stated whether burglaries occurred on different occasions does require applying the fact that they were separate episodes. But the fact is inherent in the conviction themselves,

7

and thus is not among the kind of facts extraneous to a conviction that Blakely or Shepard requires a jury to find. Thompson at 286.

The United States in the instant case or Thompson has never suggested that the fact of dates or locations or the time when these offenses occurred were elements, but instead extraneous or superfluous facts, which in light of Descamps can't be used to increase Petitioner's sentence. See Descamps at 2289 (judge cannot rely on its own finding about a non-element fact to increase a defendant's maximum sentence). Because the facts the District Court relied on to increase Petitioner's sentence was non-elements, Descamps now clearly preclude such a practice. As a result, Petitioner is clearly not guilty of the enhancement under § 924(e) applied against him.

It's clear that Petitioner raised this claim during his direct and based on the intervening decision of Desamps, the claims can be reraised. See Davis v. United States, 417 U.S 333 (1974).

Moreover, Descamps was decided subsequent to the denial of Petitioner's direct appeal and first § 2255, which Petitioner contends overturned settled law, see Thompson, id. And Petitioner cannot satisfy the gatekeeping provsion of § 2255 because the rule is not one of constitutional law. Thus, this claim complies with the Fourth Circuit decision of In re Jones and should be allowed to proceed further in the eventual vacting of Petitioner's enhancement under § 924(e).

## ARGUMENT TWO
## PETITIONER'S ENHANCEMENT UNDER § 924(e) IS INVALID DUE TO HE NO LONGER HAVING THREE CONVICTIONS FOR VIOLENT FELONIES

It's Petitioner's contention that his enhancement under 18 U.S.C § 924(e) is invalid based on the recent Fourth Circuit decision of United States v. Davis, No. 12-4346 (4th Cir. 2013), which in interpreting North Carolina Annotated § 15A-1340.15(a), dictates that he has only one conviction and thus came to federal court with only one consolidated sentence, which means there is only one judgment.

In Davis, the Fourth Circuit held under § 15A-1340.15(a) that Where an individual is convicted of more than one offense, the general rule is that all sentences of imprisonment run concurrently with any other sentence of imprisonment. This rule states that:

> "If an offender is convicted of more than one offense at the same time, the court may consolidate the offense for judgment, and impose a single judgment for the consolidated offenses. The judgment shall contain a sentence disposition specified for the class of offense, and its minimum sentence of imprisonment shall be within the range specified for the class of offense and prior record level, unless applicable statutes requires or authorize another minimum sentence of imprisonment."

Thus, according to the Court, when a North Carolina Court consolidates offenses for judgment, the outcome is a single judgment for which the length of the sentence is controlled by the maximum sentence for the most serious offense. As a result, Petitioner came to federal court with only one consolidated sentence, which means that a conviction without a sentence fails to constitute a valid judgment.

9

In order to be enhanced under 18 U.S.C § 924(e), the government must prove that a defendant has at least three convictions for "violent felonies" that were committed on occasions different from one another. It's Petitioner's contention that he does not have three convictions for the purpose of § 924(e) as all his convictions were consolidated for judgment resulting in one judgment and conviction. As a result, because defendant needs three prior convictions to be convicted under 924(e) something absent in the instant case, Petitioner is actually innocent of his enhancement pursuant to § 924(e).

## CONCLUSION

Based upon the foregoing facts and conclusion of law, Petitioner respectfully requests that this Court find that it has jurisdiction under § 2241 and find that he's actually innocent of violating 924(c) in light of DeScamps.

Date: 11 day of September, 2013

Respectfully Submitted

Jimmy James Witherspoon
# 21882-057
F.C.I Butner II
P.O Box 1500
Butner, N.C 27509

10

## CERTIFICATE OF SERVICE

I, Jimmy Witherspoon, certify that on this _11_ day of September, 2013, I caused to be served on the following, United States Attorney Office for the Eastern District of North Carolina, 310 New Bern Avenue, Suite 800, by first class mail, a copy of Petitioner's writ of habeas corpus.

Jimmy James Witherspoon<br>
# 22282-057<br>
F.C.I Butner II<br>
P.O Box 1500<br>
Butner, N.C 27509